James F. Niehoff, J.
This is an application hy petitioner for a stay of the arbitration demanded on behalf of the Great Neck Teachers Association (the Association).
*660 Respondent, Areman, the President of the Association, has objected that the instant application was improperly made and that the court has not acquired jurisdiction over the Association in that the petition and notice thereof were served upon one Howard Edelman, an employee of the New York State United Teachers, and not upon a proper person. However, an inspection of the demand for arbitration reveals that it was subscribed by Mr. Edelman and that he is referred to in the body thereof as 1 ‘ the undersigned, a party to am Arbitration Agreement contained in a written contract dated, July 1,1973 ”. Moreover, an examination of the agreement itself reveals the name of the Association as “ Great Neck Teachers Association, New York State United Teachers, NEA/AFT, Local 2686 ” (emphasis supplied). It is, therefore, understandable that petitioner might have caused the papers to be served upon Mr. Edelman, contending that he was an agent of the Association. Under the circumstances, the court will consider that jurisdiction has been obtained over the Association, which respondent alleges is a not-for-profit corporation, by service upon a managing agent. Indeed, if the Association disclaims Mr. Edelman’s authority with respect to service, it is difficult to understand how it can claim that the demand for arbitration subscribed by him, entitles it to the arbitration sought therein.
The other objection by respondent is to the effect that the Association, as a corporation, should have been named as respondent in her stead. This objection is of a technical nature and, in the absence of a showing of substantial prejudice, has been disregarded. (CPLR 2001; Covino v. Alside Aluminum Supply Co., 42 A D 2d 77, 80.)
The collective bargaining agreement, under which the arbitration has been sought, contains provision for the resolution of grievances on the part of members of the Association. The term, “ Grievance ”, has been defined therein as “ any claimed violation, misinterpretation or inequitable application of existing laws, Board policies, rules, procedures, regulations, administrative orders or rules governing conditions of professional service to the extent provided by law; or of the provisions of this agreement.” (Article 18 B. 1.)
Briefly stated, it is the contention of the Association that the examination by petitioner’s members of teachers’ personnel files and the adoption, by petitioner of a resolution, authorizing its members to examine “ any and all written, formal evaluations and observation reports of all school personnel ” are violative of certain provisions of the aforesaid agreement, specifi *661 cally, articles 1, 30.7 and 32. Petitioner having taken a contrary position, it might appear, upon the face of the demand for arbitration, that there is a controversy between the parties which falls within the contemplation of the grievance provision, and is, therefore, arbitrable. But, a more careful analysis of the dispute leads to the conclusion that no arbitrable issue is presented.
The basis of the Association’s position that the members of the board of education have no right to inspect teachers’ official personnel files is the enumeration, in article 32 of the agreement, of those persons who are entitled to inspect such files, which enumeration does not include the board members. The Association seeks to have the arbitrator direct: (1) a rescission by the board of education of the aforesaid resolution; (2) the destruction of all copies of items in teachers’ personnel files currently in possession of any member of the Board of Education; (3) a save-harmless guarantee for all teachers whose personnel files were reviewed by members of the Board of Education; and (4) the immediate and complete termination of examination of teachers’ personnel files by board of education members. In brief, then, the Association asks the arbitrator to prevent the board of education from examining teachers’ personnel files.
It has long been this State’s policy that where parties enter into an agreement and, in one of its provisions, promise that any dispute arising out of or in connection with it shall be settled by arbitration, any controversy which arises between them and is within the compass of the provision must go to arbitration (Matter of Exercycle Gory. [Maratta], 9 N Y 2d 329, 334). Nevertheless, there are some exceptions to this general policy. Thus, a court will enjoin arbitration where the performance which is the subject of the demand for arbitration is prohibited by statute (Matter of Exercycle Corp. [Maratta], supra; Matter of Kramer & Uchitelle [Eddington Fabrics Corp.], 288 N. Y. 467). In the court’s opinion the present case falls within the ambit of that exception.
The duties of boards of education are set forth in section 1709 of the Education Law and include the employment of qualified teachers. While it may well be that, in most instances, the qualifications of teachers are best evaluated by professionals in the field of education, much as superintendents and their assistants and other supervisory personnel, who may advise the members of school boards with respect thereto, the ultimate obligation or responsibility with respect to teacher employment *662 is the hoard’s. That being so, it follows that its members have an inherent right to review the records and files of those whom they employ. Indeed, under section 3010 of the Education Law, members of a board of education might well subject themselves to criminal liability by failing to assure themselves of the qualifications of teachers whose employment they approve. The duty is not one that they may escape by delegation. (See Garber v. Central School Dist. No. 1, 251 App. Div. 214, 219.) Neither the court nor an arbitrator can require the board to surrender that power.
Accordingly, the dispute between the parties is not arbitrable. Notwithstanding the omission of school board members from the enumeration of authorized persons set forth in article 32 of the agreement, petitioner has not violated the agreement but has acted in a manner not only authorized but, in a sense, mandated by law.
The arbitration sought by the Association is permanently stayed.